UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREW VINCENT MARTIN,

Plaintiff,

v.   CASE No. 8:11-CV-1709-T-17TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant.

## REPORT AND RECOMMENDATION

The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.[1] Because the decision of the Commissioner of Social Security is supported by substantial evidence and contains no reversible error, I recommend that the decision be affirmed.

I.

The plaintiff, who was forty-five years old at the time of the administrative hearing and who has the equivalent of a high school education,

---

[1]This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998. See also Local Rule 6.01(c)(21).

has worked relevantly as a rug cleaner and a cook's helper. He filed claims for Social Security disability benefits and supplemental security income payments, alleging he became disabled due to hepatitis C, an abdominal hernia, and a bipolar disorder (Tr. 329). The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a *de novo* hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of hepatitis C, left-ventral hernia, gunshot wounds to the left forearm thigh and hip, asthma, degenerative osteoarthritis of the knees, post-traumatic stress disorder, bipolar disorder, affective mood disorder, and anxiety-related disorder (Tr. 20). The law judge concluded that, with those impairments, the plaintiff had the residual functional capacity to perform sedentary-to-light work with the following additional limitations (Tr. 23):

> [T]he claimant suffers from postural limitations which allow him to perform tasks which require him to only occasionally bend, crouch, stoop, or crawl. Further, the claimant must avoid tasks which require the use of pushing and pulling, as well as the use of foot pedals. In addition, the claimant's impairments require him to be given the option to alternate between periods of sitting and

> standing. The claimant also suffers from limitations which prevent him from performing tasks involving ladders, unprotected heights, having moving heaving [sic] moving [sic] machinery and concentrated fumes and gases. Lastly, given the claimant's mental impairments, the claimant must avoid complex tasks and should only perform tasks in a low-stress environment which involve limited public contact.

The law judge determined that, as a result of these limitations, the plaintiff could not perform past work. However, based on the testimony of a vocational expert, the law judge found that jobs exist in significant numbers in the national economy that the plaintiff could perform, such as ticketer, assembler, and addresser (Tr. 29). Accordingly, the law judge decided that the plaintiff was not disabled. The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

A. In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C.

423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). In this case, plaintiff must show that he became disabled before his insured status expired on March 31, 2007, in order to receive disability benefits. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952. There is not a similar requirement with respect to the plaintiff's claim for supplemental security income payments.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary

conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B. The Commissioner's regulations set out what is termed a "sequential" analysis for deciding disability claims. See 20 C.F.R. 404.1520, 416.920. The initial question is whether the plaintiff is engaged in substantial gainful activity because, if so, the plaintiff will be found not disabled. 20 C.F.R. 404.1520(b), 416.920(b). If not, the next inquiry (step two) is whether a claimant has a severe impairment. 20 C.F.R. 404.1520(c), 416.920(c). An impairment is not severe if it does not significantly limit a claimant's physical or mental abilities to do basic work activities. 20 C.F.R. 404.1521(a), 416.921(a). If there is not a severe impairment, then a claimant is deemed to be not disabled. 20 C.F.R. 404.1520(c), 416.920(c).

When an impairment is severe, but does not meet, or equal, a listing in Appendix 1 (step three), a further inquiry (step four) is made as to whether the impairment prevents the claimant from doing past relevant work. 20 C.F.R. 404.1520(f), 416.920(f). If a claimant cannot do such work, an additional determination (step five) is made concerning whether the claimant can perform other work which exists in significant numbers in the national economy. 20 C.F.R. 404.1520(g), 416.920(g).

III.

The plaintiff challenges the law judge's decision on two grounds: (1) The law judge should have determined that the plaintiff had a severe impairment of degenerative disc disease and radiculopathy of the low back; and (2) the law judge should have given controlling weight to the opinion of a treating doctor who opined that the plaintiff had disabling restrictions. Neither contention warrants reversal.

The plaintiff asserts, first, that he had an impairment of the low back and that the law judge erred by not finding that impairment to be severe. This argument fails for several reasons.

The law judge recognized that the plaintiff alleges an impairment of his lower back. Accordingly, in his decision, the law judge discussed evidence of a low back condition (Tr. 23, 24, 25). Further, the law judge acknowledged the plaintiff's testimony of back pain (Tr. 27). This demonstrates that the law judge did not ignore, or overlook, allegations of back pain.

The record contains complaints by the plaintiff to health care providers about back pain. Also, providers have stated diagnostic impressions of chronic back pain.

On the other hand, there is evidence in the record indicating that the plaintiff's back condition is not a significant impairment, which is the criterion for a severe impairment. See 20 C.F.R. 404.1521(a), 416.921(a). Thus, at a physical examination conducted while the plaintiff was incarcerated in the Pinellas County jail, the plaintiff responded "No" to the question whether he had, "ever had, or been treated for Back/neck problem" (Tr. 696).[2] Further, during the physical examination, it was stated that "[n]o problems observed with musculoskeletal system" (Tr. 697). Significantly, a mental health evaluation at the jail resulted in a diagnosis of malingering (Tr. 699).

The plaintiff was seen by Dr. Jack Lipps on February 21, 2007, for a consultative physical examination. Dr. Lipps reported no spasm of paravertebral muscles and straight leg raising was normal (Tr. 830). The

---

[2] Notably, the plaintiff was sentenced to ten months in jail for assault on a law enforcement officer (Tr. 45; see also Tr. 1139 (the conviction may have been aggravated assault on a law enforcement officer)), which is an offense that seems inconsistent with a severe back impairment.

plaintiff's gait was also normal (id.). Dr. Lipps stated that the plaintiff can walk, stand, and sit, and that, "in regard to musculoskeletal pain there was no significant pain today" (Tr. 831). In addition, the range of motion of the spine was normal (Tr. 832). Furthermore, Dr. Lipps reported that the plaintiff presented with a cane, and said that a friend drove him to the doctor's office (Tr. 830, 831). However, he was observed after the examination walking 300 feet through the parking lot in a normal and rapid gait without use of the cane (Tr. 831). He then got in the car and drove away (Tr. 830, 831).

The plaintiff was subsequently convicted for trafficking in stolen property, burglary of an unoccupied structure or conveyance, and theft from a person over 65, and was seen in health facilities at correctional institutions between February 9, 2009, and January 13, 2010 (Docs. 13-15, 13-16). During the plaintiff's initial assessment, he complained of a history of back pain since a fall in 2005 (Tr. 1139). There is no evidence in that prison record of almost a year of any significant back problem. Notably, in March 25, 2009, the plaintiff requested a back brace, but that request was denied because there was no clinical indication for it (Tr. 1130).

In sum, there was evidence from which a fact-finder could conclude that the plaintiff had a severe back impairment, and evidence from which a fact-finder could conclude that the plaintiff's back condition was a non-severe impairment. What is not present in the record is evidence that compels a finding that the plaintiff's back condition was a severe impairment. Consequently, the law judge's decision cannot be overturned because he did not make such a finding. See Adefemi v. Ashcroft, supra.

Moreover, the law judge found that the plaintiff had a number of severe impairments, including gunshot wounds to the left forearm, thigh, and hip (Tr. 20).[3] The plaintiff received the gunshot wounds in April 2005, purportedly when he was seeking "suicide by cop." The evidence indicates that the gunshot wounds exacerbated the plaintiff's back condition. Thus, a treating physician, Dr. Obi Okonkwo-Onuigbo, stated on October 25, 2005, that it is not clear if the back condition is related to the gunshot wounds, but added that "his back pain, he reiterates has been worse, ever since this gunshot wound to the right hip" (Tr. 954). In addition, another treating physician, Dr. Raj Naik, said that "[t]he patient has right leg pain after the

---

[3] It appears that the gunshot wounds were to the right side (Tr. 847).

gunshot wound and the patient now is having neuropathic pain" (Tr. 847; see also Tr. 1159). Under these circumstances, the plaintiff's back condition seems to be covered by the finding of a severe impairment of gunshot wounds to the forearm, thigh, and hip, and any itemization of that severe impairment appears unnecessary.

In all events, a failure to find specifically that the plaintiff's back condition was a severe impairment would not constitute reversible error. The Eleventh Circuit has held that "step [two] acts as a filter; ... the finding of any severe impairment ... is enough to satisfy the requirement of step two." Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987). Because the law judge found that the plaintiff has a number of severe impairments, he did not stop prematurely at step two, but proceeded on to the following steps in the sequential analysis. See Maziarz v. Secretary of Health & Human Services, 837 F.2d 240, 244 (6th Cir. 1987); Perry v. Astrue, 280 Fed. Appx. 887, 894 (11th Cir. 2008).

Therefore, in order to demonstrate reversible error based upon a failure to specify his back condition as a severe impairment, the plaintiff must show that he had functional limitations from that condition that were not

included in the law judge's determination of the plaintiff's residual functional capacity. See McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986)(it is the functional limitations from an impairment, and not the diagnosis of an impairment, that is determinative in an evaluation of disability).

The law judge restricted the plaintiff to light and sedentary work with a sit/stand option (Tr. 23). Further, he included postural limitations which restrict the plaintiff to only occasional bending, crouching, stooping, and crawling (id.). In addition, the plaintiff must avoid tasks which require the use of pushing and pulling, as well as the use of foot pedals (id.). As pertinent here, he also is precluded from tasks involving ladders and moving heavy machinery (id.).

The plaintiff has made no attempt to show any additional functional limitations he would have from a back impairment — apart from the severe impairment of the gunshot wounds. All that the plaintiff says in this respect is that, if a severe back impairment had been taken into consideration, "[t]he residual functional capacity assessment may have changed" (Doc. 17, p. 15). This speculative hope is clearly insufficient to

warrant reversal, particularly in the absence of any showing of a different residual functional capacity.

For these reasons, the plaintiff's argument that the law judge erred because he did not specifically find that the plaintiff's back condition was a severe impairment does not justify overturning the administrative decision.

The plaintiff contends, as his second issue, that the law judge should have given controlling weight to the opinion of Dr. Mairaz Uddin (Doc. 17, p. 15). This contention is predicated upon a form called "Physical Residual Functional Capacity Questionnaire" (Tr. 834-37). That form indicates, among other things, that the plaintiff is "[i]ncapable of even 'low stress' jobs" due to low back pain, anxiety, and chronic obstructive pulmonary disease (Tr. 835). It opines further that the plaintiff can only sit for twenty minutes, stand for twenty minutes, and can sit and stand/walk for less than two hours each in an eight-hour workday (Tr. 835-36). Also, it states that the plaintiff must walk for five minutes every ten minutes (Tr. 836). It indicates that the plaintiff can only occasionally lift and carry ten

pounds, and rarely lift and carry twenty pounds (id.). It adds that the plaintiff is likely to miss more than four days of work each month (Tr. 837).

Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not giving them such weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or when the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

At the outset, there is no indication that the questionnaire was filled out by Dr. Uddin. Thus, he did not sign the form. Moreover, the form merely contains a stamp for Bestcare Family & Geriatric Care (Tr. 837). Further, the plaintiff does not point to any evidence in the record indicating that Dr. Uddin personally filled out the form, and, in my review of the record, I did not notice any such evidence either.

Under these circumstances, the plaintiff has failed to show that the form is entitled to the weight ordinarily accorded the opinion of a treating physician. From all that appears, the form was filled out by someone working

at Bestcare, so that the information was not provided by an individual that the regulations consider an acceptable source of evidence. 20 C.F.R. 404.1513(a), 416.913(a).

In any event, the form does not establish that the plaintiff is disabled. The law judge specifically considered that form and discounted it. In that respect, the law judge stated (Tr. 26):

> An undated Physical Residual Functional Capacity Questionnaire by the Bestcare Family & Geriatric is accorded little weight for the following reasons. First, it concludes the claimant is not capable of even low-stress jobs. This is not in accordance with the great weight of the objective medical evidence or of Bestcare's own treatment entries which often found the claimant was "doing well and without complaints." Second, the Questionnaire's physical limitations are not supported by the objective medial [sic] evidence. Controlling weight must be given to the medical opinion of a treating source if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the record. SSR 96-2P and 20 CFR 404.1527 and 416.927. In this case, controlling weight cannot be given to this opinion (Exhibit 25F). While the drafter may be of the opinion that the claimant is as limited as described, controlling weight must be given to the medical opinion of a treating source only if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not

> inconsistent with other substantial evidence in the record. In the present case, evidence exists which contradicts this opinion. For example, the CT scans, MRI, and ultrasounds all indicate the claimant is not as severely impaired as this Questionnaire finds. In addition, the claimant's own statements to various other physicians and those taken at the hearing indicate he is not as severely impaired as this Questionnaire finds.

These reasons provide good cause for discounting the opinions in the Questionnaire, even if they were provided by a treating physician.

For example, the opinion that the plaintiff is incapable of even "low stress jobs" demonstrates that the answers on the Questionnaire are gross exaggerations. The reason given for this opinion is said to be low back pain, anxiety, and COPD (Tr. 835). On their face, the only impairment that can conceivably cause such a limitation is anxiety and that is an impairment that it outside the expertise of Bestcare. More significantly, I have reviewed the entire 1,177 page administrative transcript and there is nothing in the record that even remotely supports such a limitation. Notably, the plaintiff in his argument makes no attempt to justify the opinion that he is incapable of even low stress jobs.

The law judge also discounted the Questionnaire because its physical limitations are not supported by the objective medical evidence (Tr. 26). The plaintiff responds to this reason by referring to various diagnoses (Doc. 17, pp. 16-17). However, it is functional limitations from impairments that determine disability, and not the diagnoses of impairments. Moore v. Barnhart, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005); McCruter v. Bowen, supra, 791 F.2d at 1547. The plaintiff has not identified functional limitations that support the physical restrictions in the Questionnaire.

Moreover, my review of the record establishes that it is not even plausible to opine that the plaintiff cannot sit or stand for more than twenty minutes at a time, and can only sit and stand or walk for less than two hours each in an eight-hour day. The plaintiff, in fact, testified that he was participating in a prison program that lasts between four and six hours per day (Tr. 47). It also seems anomalous to opine that the plaintiff must walk every ten minutes for five minutes (Tr. 836).

In connection with his argument regarding the Questionnaire, the plaintiff appears to challenge the law judge's credibility determination (Doc. 17, pp. 17-18). Any such challenge, however, is not properly presented and

therefore should be deemed abandoned. The scheduling Order directed the plaintiff to "identify with particularity the discrete grounds upon which the administrative decision is being challenged" and to support any such challenges by "citations to the record of the pertinent facts and by citations of the governing legal standards" (Doc. 14, p. 2). The plaintiff only specified two issues and neither attacked the law judge's credibility determination. Moreover, the credibility finding is not brought into play by the law judge's reasons for discounting the Questionnaire since the plaintiff's credibility was not one of the reasons stated for that conclusion.

In addition, the plaintiff did not properly develop an argument regarding the credibility determination since, contrary to the scheduling Order, the plaintiff did not support an argument by citing to evidence in the record. For this reason also, any challenge to the credibility determination is properly considered abandoned.

Nevertheless, the law judge set forth an adequate explanation for his credibility determination (Tr. 27). The plaintiff's inappropriate and cursory reference to the credibility determination does not warrant any further comment. Of course, I have already mentioned that Dr. Lipps caught the

plaintiff telling a lie about driving and exaggerating his impairment by pretending he needed a cane.

IV.

For these reasons, the decision of the Commissioner is supported by substantial evidence and does not contain any reversible error. I, therefore, recommend that the decision be affirmed.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: APRIL 16, 2012

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).