UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREW MARTIN,

        Plaintiff,

v.                           CASE NO.  8:11-CV-1709-T-17TGW

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

        Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 19    Report and Recommendation
Dkt. 20    Objections
Dkt. 21    Response

In the Report and Recommendation (Dkt. 19), the assigned Magistrate Judge concludes that the decision of the Commissioner of Social Security is supported by substantial evidence and contains no reversible error, and therefore recommends that the decision be affirmed.

The Court has independently reviewed the pleadings and the record.  Plaintiff Andrew Vincent Martin has filed Objections to the Report and Recommendation, and Defendant Michael J. Astrue, Commissioner of Social Security, has filed a Response to Plaintiff's objections.

Plaintiff Martin objects to the Magistrate Judge's conclusion that the Administrative Law Judge's ("ALJ's") reasons for not according controlling weight to the opinion of Dr. Uddin were legally adequate.  Plaintiff argues that allegations of the ALJ

Case No. 8:11-CV-1709-T-17TGW

as to the opinion of Dr. Uddin are not accurate, and therefore the finding that the opinion of Dr. Uddin should not be given great weight is not supported by substantial evidence.   Plaintiff further argues that the analysis of the Magistrate Judge in reviewing the opinion of Dr. Uddin to determine whether it should be given controlling weight is improper, since the Court cannot decide the facts anew or substitute its judgment for that of the Commissioner.   Plaintiff argues that the only permissible review is as to whether the rationale given by the ALJ is supported by the evidence.

In Defendant's Response, Defendant argues that the ALJ properly reasoned that Dr. Uddin's assessment was not entitled to controlling weight because it lacked support in the medical record.  See 20 C.F.R. Secs. 404.1527(c)(2), 416.927(c)(2) (2012)(providing that a treating source's opinion will be given controlling weight if it is not inconsistent with other substantial evidence and it is well-supported by medically acceptable clinical and laboratory diagnostic techniques).  Defendant notes that Plaintiff presented to Dr. Uddin for monthly prescription refills but received no other treatment for his back condition.  Defendant Astrue further argues that the ALJ discussed Plaintiff's statements made to various other physicians, as well as Plaintiff's statements at the hearing, and the record contains the required specificity.

Defendant Astrue and Plaintiff Martin agree that the Court's scope of review is only to determine whether the ALJ's decision is supported by substantial evidence.  See Graham v. Bowen, 790 F.2d 1572, 1575 (11th Cir. 1986).  Defendant Astrue argues that the Court should disregard Plaintiff's discussion of the Magistrate Judge's purported errors of analysis.  The Court finds it is only necessary to determine whether the ALJ's decision is supported by substantial evidence, and will direct its discussion to that issue.

I. Standard of Review

A district court must conduct a de novo review of those portions of the report or

Case No. 8:11-CR-581-T-17TBM

specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. Sec. 636(b)(1)(C); see Fed. R. Civ. P. 72(b)(3).  The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record.   The district court may accept, reject, or modify in whole or in part the report and recommendation of a magistrate judge, or may receive further evidence, or may recommit the matter to the magistrate judge with instructions.

II.  Discussion

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence.  42 U.S.C. Sec. 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971).  In determining whether the Commissioner's decision is supported by substantial evidence, the Court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled.  However, the Court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met.  Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

A.  Weight accorded to Opinion of Dr. Uddin

Plaintiff contends that the opinion of Dr. Uddin that Plaintiff has severe restrictions such as to presume disability, should have been given controlling weight, but the ALJ accorded Dr. Uddin's opinion little weight.

In the Physical Residual Functional Capacity Questionnaire, the physician completes questions as to the patient's ability to perform the activity.  The undated

Case No. 8:11-CR-581-T-17TBM

Physical Residual Functional Capacity Questionnaire of Bestcare (Tr. 834-37) states that Plaintiff is not capable of even low stress jobs, which the ALJ found was not in accordance with the great weight of the objective medical evidence or of Bestcare's own treatment entries, which often found the Claimant was "doing well and without complaints." As to the Claimant's physical limitations as indicated in the Questionnaire, the ALJ states the Claimant's physical limitations are not supported by the objective medical evidence, including CT scans, MRI and ultrasounds which indicate that the Claimant is not as severely impaired as the Questionnaire finds.  The ALJ further states that the Claimant's own statements to various other physicians and those taken at the hearing indicate that the Claimant is not as severely impaired as the Questionnaire finds.

The Court notes that the ALJ concluded at Step 5 that the Claimant has the residual functional capacity to perform sedentary-to-light work, with certain additional restrictions, as stated in the Opinion (Dkt. 13-2, p. 24).   The restrictions take into account Plaintiff's chronic back pain and other impairments (postural limitations, must alternate sitting and standing, no ladders, no unprotected heights, no moving heavy machinery, no exposure to concentrated fumes and gases, avoid complex tasks, work only in low stress environment) .   As to the Claimant's symptoms, the ALJ noted that he is required to follow the two-step process, first determining the presence of an underlying physical or mental impairment that could reasonably be expected to produce the Claimant's pain and symptoms, and then, if present, evaluating the intensity, persistence and limiting effects of the Claimant's symptoms to determine the extent to which they limit the Claimant's ability to do basic work activities.  The ALJ noted that whenever statements about the intensity, persistence or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the statements based on a consideration of the entire case record.

4

Case No. 8:11-CR-581-T-17TBM

The ALJ considered the entire course of treatment for the Claimant's various impairments, (Dkt. 13-2, pp. 24-28), including treatment from 2004 through 2009. The ALJ discusses Claimant's treatment in 2007, and the ultrasounds, MRI, CT scan, and EMG and NCV performed. After the tests, Dr. Okonkwo recommended conservative treatment with prescription medication; Dr. Okonkwo noted in April, 2007 that the Claimant was "doing relatively well with his medication regime."

The ALJ then noted that Claimant was examined by Arthur Hamblin, Ph.D. on March 22, 2007. The records of Dr. Hamblin indicate that Claimant: 1) attends church on a regular basis and has joined a bible study group; and 2) that Claimant had relevant and coherent thought processes, was able to do math calculations, and make his own appointments. Dr. Hamblin concluded that Claimant had mild limitations in his daily living activities and ability to maintain concentration, persistence and pace, and moderate difficulties in social functioning.

The ALJ further noted that Claimant was examined by Martha Putney, Ph.D. on July 18, 2007. During that examination, the Claimant stated that he could prepare meals, shop, maintain his personal hygiene, perform household chores, handle his personal finances, and drive. The records of Dr. Putney indicate that the Claimant was capable of: understanding and remembering work procedures and instructions; being cooperative and appropriate in workplace settings; and performing concentrated task-oriented activities. Dr. Putney concluded that the Claimant suffered from no restrictions in his daily living activities, moderate restrictions in social functioning, and mild restrictions to his ability to maintain concentration, persistence and pace.

The ALJ accurately states that the Bestcare records of 9/5/2007 do not indicate that the Claimant was suffering from musculoskeletal pain. ("No joint pain. No back pain.")(Dkt. 13-14, p. 44). The Court notes that the Bestcare records also reflect Plaintiff's continuing chronic back pain and continuing prescriptions for Vicodin and

Case No. 8:11-CR-581-T-17TBM

Flexeril. The ALJ accurately notes that the Bestcare records show "in regard to his depression the claimant was 'doing well and without complaints.'" and "On January 4, 2008, Dr. Uddin noted that in regard to his depression the claimant was "doing well and without complaints. The claimant's statements in regard to his mental impairments were reiterated throughout 2008." (Dkt. 13-14, pp. 27, 24, 21, 15, 12, 9). The Court notes that the Bestcare records show that Plaintiff was prescribed medication for anxiety, which Plaintiff took on an ongoing basis. The ALJ further notes that the Bestcare records show Claimant was referred to surgery for his hernia but never followed through, and the CT scan of Claimant's right knee in August, 2008 showed a small joint effusion.

The ALJ next considered the undated Physical Residual Functional Capacity Questionnaire, to which the ALJ accorded little weight. In evaluating the conclusion that the Claimant was not capable of even low-stress jobs, the ALJ states that "This is not in accordance with the great weight of the objective medical evidence or of Bestcare's own treatment entries which often found that the Claimant was "doing well and without complaints." The ALJ was referring to the ALJ's previous discussion of the tests performed in 2007, which the ALJ found to indicate that the Claimant was not as impaired as alleged, and to the 2008 Bestcare records which show that the Claimant reported that, as to his depression, he was doing well on the medication Claimant was taking. The ALJ further found that the Claimant's physical limitations were not supported by the objective medical evidence. The ALJ accurately found that there was evidence in the record which contradicted the opinion expressed in the Questionnaire. The ALJ further found that Claimant's statements to other physicians (Dr. Hamblin and Dr. Putney) and Claimant's own statements at the hearing, which are specified on pp. 27-28, indicated that Claimant is not as severely impaired as the Questionnaire finds.

After consideration, the Court finds that the ALJ did not err in according little weight to the Questionnaire, for the reasons expressed in the ALJ's opinion. In other

Case No. 8:11-CR-581-T-17TBM

words, there was good cause for the ALJ to accord little weight to the Questionnaire. The record contains substantial evidence which supports the ALJ's rationale. The Court **overrules** Plaintiff's objection to the Report and Recommendation as to this issue.

The Court notes that Plaintiff did not object to the Report and Recommendation as to the ALJ's determination that Plaintiff's back condition was not a severe impairment. Accordingly, it is

**ORDERED** that Plaintiff's Objections (Dkt. 20) are **overruled**, the Report and Recommendation (Dkt. 19) is **adopted** and **incorporated.**   The decision of the Commissioner of Social Security denying Plaintiff's claim for disability benefits and supplemental security income benefits is **affirmed**. The Clerk of Court shall enter a final judgment in favor of Defendant Michael J. Astrue, Commissioner of Social Security, and close this case.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this
23rd day of August, 2012.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record